# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE EDUARDO CHAVEZ QUISPE,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE CENTRAL VALLEY ANNEX DETENTION FACILITY, et al.,<br><br>Respondents. | Case No. 1:26-cv-05281-JLT-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO DENY PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DENYING PETITIONER'S MOTION TO APPOINT COUNSEL<br><br>(ECF No. 3) |

Petitioner is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND[1]

Petitioner is a citizen of Peru who entered the United States on or about May 7, 2024 where he was encountered by federal immigration officials. That same day, he was served with a Notice to Appear, Form I-862, pursuant to section 212(a)(6)(A)(i) of the Immigration and Nationality Act. He was subsequently released from custody on his own recognizance. On or about January 25, 2025, Petitioner was arrested for a DUI. On or about March 18, 2026, Petitioner was arrested for DUI and driving without a license. Charges for both DUIs are

[1] Given that the pleadings in the instant matter lack certain details regarding the factual and procedural background, the Court also relies on Petitioner's earlier-filed habeas case for this summary.

currently pending. After the local police released him, the Petitioner was detained by ICE. Quispe v. Warden, Golden State Annex, No. 1:26-cv-02557-JLT-SAB, 2026 WL 1023866, at *1 (E.D. Cal. Apr. 14, 2026).

On April 4, 2026, Petitioner filed his first petition for writ of habeas corpus. Quispe v. Warden, No. 1:26-cv-02557-JLT-SAB, ECF No. 1. On April 14, 2026, the Court granted Petitioner's first habeas petition and ordered that Petitioner be provided with an individualized bond hearing within fourteen days "that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where 'the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond,' *id.* at 1203." Quispe, 2026 WL 1023866, at *2.

On April 29, 2026, Petitioner filed a motion to enforce judgment. Motion, Quispe, No. 1:26-cv-02557-JLT-SAB, ECF No. 12. On May 28, 2026, the Court denied the motion, stating:

> Having carefully considered and reviewed Petitioner's submissions, and the digital audio recording of the bond hearing, the Court finds that, rather than challenging the constitutionality of the process by which that determination was reached, Petitioner challenges the sufficiency and accuracy of the evidence supporting the immigration judge's bond determination.
>
> That is not a question for this Court. In granting the writ of habeas corpus (Doc. 9), the Court ordered a process, not an outcome. Complaints about the conclusion the IJ reached must be presented through the normal immigration appeals process.

Order, Quispe, No. 1:26-cv-02557-JLT-SAB, ECF No. 18.

On July 9, 2026, Petitioner filed the instant petition for writ of habeas corpus and a motion for temporary restraining order ("TRO"). (ECF Nos. 1, 4.) On July 14, 2026, the assigned district judge denied the motion for TRO as untimely. (ECF No. 12.) On July 14, 2026, Respondents filed a response to the petition. (ECF No. 13.)

## II.

## DISCUSSION

### A. Abuse of Writ

Respondents assert that the petition should be dismissed pursuant to the abuse of the writ doctrine because "the prior findings and order of the Court should control this petition" and the

///

Court "has fully considered the legality of Petitioner's detention under both the law and the constitution." (ECF No. 13 at 2, 3.[2])

The "doctrine of abuse of the writ generally 'forbids the reconsideration of claims that were or could have been raised in a prior habeas petition.'" Alaimalo v. United States, 645 F.3d 1042, 1049 (9th Cir. 2011) (citation omitted). A "successive petition that raises identical grounds for relief as a prior petition must be dismissed unless the petitioner can show (1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain the claim." Id. (citations omitted).

As noted by Respondents, this Court previously considered the lawfulness of Petitioner's detention on both statutory and constitutional grounds. However, the instant petition raises a prolonged detention due process claim and as prolonged detention claims are inherently dynamic and evolve as the time in detention lengthens, the Court recommends finding that dismissal is not warranted for abuse of the writ.

**B. Prolonged Detention**

Here, the Court previously rejected Respondents' argument that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2). Quispe, 2026 WL 1023866. Petitioner's detention is governed by 8 U.S.C. § 1226(a). "The detention of aliens during removal proceedings has long been upheld as a permissible exercise of the political branches' authority over immigration. Section 1226(a) offers substantial procedural protections to detained persons," and the Ninth Circuit has held that "§ 1226(a)'s procedures satisfy due process[.]" Rodriguez Diaz, 53 F.4th at 1193, 1213. In Rodriguez Diaz, the Ninth Circuit rejected the petitioner's prolonged detention due process claim and held that due process did not require a second bond hearing at which the government bears the burden of proof by clear and convincing evidence for a petitioner detained under § 1226(a) fourteen months after his first § 1226(a) hearing was held. Id. at 1203–14. Although Rodriguez Diaz did "not foreclose all as-applied challenges to § 1226(a)'s procedures," Petitioner does not demonstrate that his case is distinguishable from Rodriguez

[2] Page numbers refer to the ECF page numbers stamped at the top of the page.

Diaz. Id. at 1213. Accordingly, the Court recommends finding that Petitioner is not entitled to relief on his prolonged detention due process claim.

**C. Motion to Appoint Counsel**

Petitioner has moved for appointment of counsel. (ECF No. 3.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958). However, the Criminal Justice Act authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

In light of the Court's conclusion that the petition should be denied, the Court will deny the motion because Petitioner does not demonstrate a likelihood of success on the merits such that the interests of justice require the appointment of counsel.

**III.**

**RECOMMENDATION & ORDER**

Based on the foregoing, the Court HEREBY RECOMMENDS that The petition for writ of habeas corpus be DENIED.

Further, Petitioner's motion to appoint counsel (ECF No. 3) is DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate

Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 15, 2026**

STANLEY A. BOONE
United States Magistrate Judge