**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE EDUARDO CHAVEZ QUISPE,<br>Petitioner,<br>v.<br>WARDEN OF THE CENTRAL VALLEY ANNEX DETENTION FACILITY, et al.,<br>Respondents. | Case No. 1:26-cv-05281 JLT SAB (HC)<br>A-Number: 226-027-627<br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION OF WRIT OF HABEAS CORPUS, AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE<br>(Doc. 15) |

Jose Eduardo Chavez Quispe is an immigration detainee proceeding with a petition for writ of habeas corpus to 28 U.S.C. § 2241, challenging his ongoing detention as a due process violation. (Doc. 1.) Respondent opposed the petition, asserting that Petitioner improperly brought a successive petition. (Doc. 13 at 2-3.) Respondents also contend Petitioner is not entitled to relief because he is subject to mandatory detention, received a bond hearing, and he did not exhaust administrative remedies by appealing the bond determination to the Board of Immigration Appeals. (*See id.* at 2-6.)

As an initial matter, the magistrate judge noted Petitioner previously sought relief with a petition in *Quispe v. Warden*, Case No. 1:26-cv-02557-JLT-SAB, in which the Court granted the petition and ordered Petitioner receive a bond hearing. (Doc. 15 at 2.) After Petitioner received the ordered bond hearing on April 23, 2026, he filed a motion to enforce the judgment that

challenged the evidence considered by the immigration judge. (Case No. 1:26-cv-02557, Doc. 12.) The Court denied the motion, indicating that "[c]omplaints about the conclusion the IJ reached must be presented through the normal immigration appeals process." (Case No. 1:26-cv-02557, Doc. 18.) The magistrate judge determined this second petition does not raise the same grounds for relief as the first petition, because "the instant petition raises a prolonged detention due process claim," and such a claim evolves as the time in detention lengthens. (Doc. 15 at 3.) Therefore, the magistrate judge found "dismissal is not warranted for abuse of the writ." (*Id.*)

Turning to the merits, the magistrate judge noted this "Court previously rejected Respondents' argument that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2)," and instead Petitioner's detention "is governed by 8 U.S.C. § 1226(a)." (Doc. 15 at 3.) The magistrate judge observed that "the Ninth Circuit rejected the petitioner's prolonged detention due process claim and held that due process did not require a second bond hearing at which the government bears the burden of proof by clear and convincing evidence for a petitioner detained under § 1226(a) fourteen months after his first § 1226(a) hearing was held." (*Id.*, citing *Rodriguez Diaz v. Garland*, 53 F.4th 1193, 1213 (9th Cir. 2022).) The magistrate judge found the facts before the court are not distinguishable from *Rodriguez Diaz*, and Petitioner is not entitled to relief on his prolonged detention due process claim. (*Id.* at 3-4.) Therefore, the magistrate judge recommended the Court deny the petition. (*Id.* at 4.)

The Court served the Findings and Recommendations on the parties and notified them that any objections were due within 14 days. (Doc. 15 at 4.) The Court advised the parties that the failure to file timely objections may result in the waiver of certain rights on appeal." (Id. at 5, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) Neither Petitioner nor Respondents filed objections, and the time to do so has passed.

Notably, while this petition was pending, the Ninth Circuit rejected the same argument offered by Respondents related to the applicable detention authority and held that individuals such as Petitioner are not subject to mandatory detention under Section 1225(b). *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. July 30, 2026). Thus, the magistrate judge's finding related to the detention authority—which incorporated the prior determination in Case No. 1:26-cv-02557—

is supported by the subsequent decision in *Rodriguez Vazquez.*

Importantly, however, it appears the magistrate judge prematurely ended the analysis. As the magistrate judge acknowledged, Petitioner received a bond hearing after the Court granted his petition. With this bond hearing, Petitioner received the process he was due under Section 1226(a), despite the government's erroneous position regarding his detention authority. Thus, the Court must determine whether Petitioner is entitled to a second bond hearing.

The Ninth Circuit considered whether an individual detained under Section 1226(a) should receive an additional bond hearing to receive due process by applying the test identified by the Supreme Court in *Mathews v. Eldridge*, 424 U.S. 391 (1976). Under *Mathews*, the Court considers three factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Rodriguez Diaz*, 53 F.4th at 1207 (quoting *Mathews*, 424 U.S. at 335) (emphasis omitted). Petitioner's circumstances appear similar to the circumstances considered by the Ninth Circuit in *Rodriguez Diaz*.

As to the first factor, the Court will presume—without deciding—that Petitioner's "detention qualifies as 'prolonged' in a general sense," because it has been about 7 months since the identified bond hearing in April 2026. *See Rodriguez Diaz*, 53 F.4th at 1207 (addressing the detention period after a bond hearing). Although Petitioner has "a legitimate and reasonably strong private liberty interest," the interest is "diminished by the fact that he is now subject to an order of removal." *See id.* at 1208 (*see also* Doc. 13-1). On the other hand, the Government has an interest in keeping an individual detained during removal proceedings "to increase the chance that, if ordered removed, the aliens will be successfully removed" and "in preventing aliens from remaining in the United States in violation of our law." *Id.* (cleaned up). The Ninth Circuit explained that the Government interests "only increase with the passage of time." *Id.* at 1209. Moreover, as the Ninth Circuit found in *Rodriguez Diaz* in evaluating the second factor, because

Petitioner received a bond hearing and had the right to request a new hearing based upon any material change in circumstances, "the existing agency procedures sufficiently protected [his] liberty interest and mitigated the risk of erroneous deprivation." *See id.* The Court finds the *Mathews* factors weigh against Petitioner receiving an additional bond hearing at this time. Consistent with *Rodriguez Diaz*, the Court finds dismissal of the petition is appropriate, rather than the recommended denial. *See id.* at 1194 (remanding the action "for dismissal of [the] habeas petition" upon finding the *Mathews* factors did not support the due process claim raised).

Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations (Doc. 13) are **ADOPTED** in part.
2. The petition for writ of habeas corpus (Doc. 1) is **DISMISSED** without prejudice.
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: November 10, 2026

[signature: Jennifer L. Thurston]
UNITED STATES DISTRICT JUDGE